E-FILED
Thursday, 29 April, 2021  09:18:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT W. WARE,                            )
   Plaintiff,                              )
                                       )
   vs.                                     )          No. 21-1059
                                        )
WOODFORD COUNTY JAIL, et. al.,            )
   Defendants                              )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint.  The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated by the Woodford County Jail, Judge Charles Feeny, Assistant States Attorney Greg Minger, Public Defender Andy Lankton, Inmate Donald Phillips, Officer Soto, Officer Plopper, and Woodford County Sheriff John Doe.

Plaintiff says Inmate Donald Phillips attacked him in the Woodford County Jail on an unspecified date.  Plaintiff says Officers Soto and Plopper failed to stop the attack which lasted approximately eight minutes.  Although he was badly injured, Plaintiff

1

says his "attacker was the first and only one who received medical treatment." (Comp, p. 5).

Plaintiff was questioned about the incident and later charged with "aggravated strangulation" and obstruction of justice. (Comp., p. 5).  Plaintiff says he was moved to segregation without a hearing and fed pork which is against his religious beliefs.

Plaintiff says his Public Defender refused to file motions, visit him, or let him see the video of the attack until a week before trial.  Plaintiff also disagrees with Judge Feeny's rulings during the trial.

A jury found Plaintiff not guilty of obstructing and guilty of "strangulation." (Comp., p. 6).  Plaintiff was sentenced to four years in prison, but says he was released on July 19, 2019 and ultimately released from parole on July 19, 2019.  Plaintiff says his conviction was overturned "and sent back to the trial courts." (Comp, p. 6).

As a result, Plaintiff lost his job, "flunked out of college," lost his home, and both of his vehicles. (Comp, p. 6).  In addition, Plaintiff says his health "took a turn for the worse eating prison food." (Comp., p. 6). Plaintiff also lists various other hardships including the death of a parent and the loss of relationships with two children.

Plaintiff says Judge Feeny and the Assistant States Attorney "failed to give me a fair trial." (Comp, p. 7).  In addition, Plaintiff says the Assistant States Attorney did not charge his attacker.  Plaintiff further disagrees with his Public Defender's representation after trial.

Plaintiff asks for damages including college tuition for his son and daughter.

2

The Court takes judicial notice of Plaintiff's Woodford County Case, 2017 CF 104, in which Plaintiff was found guilty of aggravated battery and sentenced to four years on March 2, 2018.[1] An Illinois Appellate Court reversed and remanded the case on October 8, 2020 finding the trial court should have allowed the request for a self-defense jury instruction. *See People v. Ware*, 2020 WL 5984458, at *1 (Ill.App.Crt. 2020). The Woodford County case is currently set for a pretrial conference and trial in May of 2021.

There are several other problems with Plaintiff's complaint. First, the Woodford County Jail is not a proper Defendant since it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. Appx 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).

Second, Plaintiff has not articulated a constitutional violation against the Judge, the States Attorney, the Public Defender, or Inmate Phillips.  A judge is entitled to absolute immunity so long as his acts are within his jurisdiction and performed in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356-7 (1978)( "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.")(internal quotation marks omitted); *see also*

---

[1] JUDICI, [Woodford County, IL | Case Information (judici.com)](judici.com) (last visited April 28, 2021).

*Bertha v. Hain*, 787 Fed.Appx. 334, 338 (7th Cir. 2019).  Defendant Judge Feeny's

decisions during the trial are entitled to this protection.

Prosecutors such as the Assistant State's Attorney are also immune when

carrying out prosecutorial functions. *Imbler v. Pachtman,* 424 U.S. 409, 427-28(1979)

(holding prosecutors have absolute immunity for activities that are "intimately

associated" with the judicial process); *See also Henry v. Farmer City State Bank,* 808 F.2d

1228, 1238 (7th Cir.1986) (absolute immunity shields prosecutor "even if he initiates

charges maliciously, unreasonably, without probably cause, or even on the basis of false

testimony or evidence.")

Public defenders such as Defendant Lankton are not entitled to absolute

immunity, but a public defender does not act under color of state law when performing

the traditional functions of counsel. *Polk County v. Dodson,* 454 U.S. 312, 317 n. 4

(1981). Section 1983 requires a plaintiff allege "(1) an action taken under color of law (2)

which violates his federal constitutional rights." *Cunningham v. Southlake Ctr fo Mental

Health, Inc,* 924 F.2d 106, 107 (7th Cir.1991).  Therefore, Plaintiff cannot proceed with his

claim against the Public Defender.

For similar reasons, Plaintiff may not pursue his claim against another inmate at

the jail.  "[A]n inmate who assaults another inmate without more is not a state actor and

may not be a defendant in a section 1983 action." *Fisher v. LaPorte County Jail*, 2010 WL

148316 at 3 (N.D.Ind. Jan. 11, 2010).

Third, Plaintiff has not articulated a claim against Woodford County Sheriff John

Doe. Plaintiff does not explain how the Sheriff was directly involved in any of his

allegations, and a Defendant cannot be held liable pursuant to §1983 simply because he or she was a supervisor. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (supervisors are not liable for the errors of their subordinates).

Fourth, Plaintiff has not articulated a claim based on a failure to protect him from an assault. [2]  To allege Defendant Officers Soto and Plopper violated his constitutional rights, Plaintiff must claim each had reason to know Plaintiff was being assaulted and had a realistic opportunity to intervene to stop the assault. *See Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009); *Craig v. Dralle*, 2018 WL 4699752, at *4 (N.D.Ill. Sept. 30, 2018). Plaintiff has not made either allegation and based on his prior trial testimony, it does not appear Plaintiff could make either assertion.

Plaintiff testified he and the other inmate got into an argument about changing the television channel while they were cleaning. *See Ware*, 2020 WL 5984458, at *2. Plaintiff stated they two got into a physical fight and Plaintiff admitted choking the other inmate during the altercation. *Id.* Plaintiff did not testify other officers were in the vicinity or had an opportunity to break up the fight.  Instead, Plaintiff admitted he

---

[2] It is important to note in considering Plaintiff's other allegations that he was not a pretrial detainee at the time of his allegations. Instead, Plaintiff was serving a sentence at the time of the assault. *See Ware*, 2020 WL 5984458, at *2 (plaintiff testified he was serving a 300-day sentence)

cleaned up the area afterwards and "did not tell the correctional officer the truth" about what had happened. *Id.*

Fifth, if Plaintiff was attempting to allege an Eighth Amendment violation based on a failure to provide medical care, he must allege he suffered from a serious medical condition and specific individuals were deliberately indifferent to that condition. In other words, what were Plaintiff's injuries? Who did Plaintiff ask for medical care or who knew Plaintiff needed medical care? Did Plaintiff ever receive medical care?

Sixth, it is not clear if Plaintiff was attempting to state a claim based on his confinement in segregation, but he has again failed to provide enough information to state a claim. Plaintiff does not state who placed him in segregation and knew he remained in segregation. Plaintiff also fails to state how long he was in segregation.

In addition, the Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkerson v Austin*, 545 U.S. 209, 221 (2005). Therefore, whether Plaintiff was given notice and a hearing prior to his placement in segregation, the Court must consider whether Plaintiff had a liberty interest at stake. The Seventh Circuit has noted "an inmate's liberty interest in avoid segregation is limited." *Hardaway*, 734 F.3d at 743 *citing Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697 (7th Cir.2009). A convicted prisoner must be able to show his confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Plaintiff has clearly failed to articulate a claim.

6

Seventh, Plaintiff says he was given pork to eat when he was in segregation which is against his religious beliefs. Plaintiff does not state if he had specifically requested a religious diet at the jail.  In addition, Plaintiff does not indicate who knew about his religious diet request, but failed to provide it.   Finally, it is somewhat doubtful Plaintiff could combine this religious diet claim with the other allegations in his complaint since it appears to involve a different issue and Defendants.  *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

Eighth, Plaintiff has listed damages which he could not obtain in this lawsuit. For instance, jail employees would not be responsible for prison food or Plaintiff's conviction. In addition, Plaintiff's children are not parties and would not be entitled to damages.

Therefore, Plaintiff's complaint is dismissed for failure to state a claim upon which relief could be granted.  If Plaintiff believes he can articulate a claim based on his stay in segregation or lack of medical care, he may file an amended complaint within 21 days.  Plaintiff is advised the amended complaint must stand complete on its own and must not refer to any previous filing.  Plaintiff MUST NOT repeated claims already considered and dismissed.

Plaintiff has also filed a motion for appointment of counsel.[5].  Plaintiff does not have a constitutional or statutory right to the appointment of counsel in this case. In addition, the Court cannot require an attorney to accept *pro bono* appointment in a civil

case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must first consider whether "the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).  "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). [5].

Plaintiff has not indicated any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received.  Therefore, his motion is denied with leave to renew. [5].

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim based on which relief can be granted pursuant to 28 U.S.C. §1915A.

2)  Plaintiff's motion for appointment of counsel is denied with leave to renew. [5].

3) Plaintiff may file an amended complaint clarifying his claims regarding his stay in segregation or lack of medical care within 21 days or on or before May 20, 2021.  If Plaintiff does not file an amended complaint on or before May 20, 2021 or ignores the Court's directions in this order, his case will be dismissed.

4) Plaintiff is reminded he must pay the initial partial filing fee of $53.33 on or before May 19, 2021 or explain in writing why he is unable to pay this fee.  If

Plaintiff takes no action regarding the initial partial filing fee on or before May

19, 2021, his case will be dismissed. *See* April 27, 2021 Text Order.

5) As Plaintiff has an upcoming state court trial date, he is reminded he must

IMMEDIATELY notify the Court in writing of any change in his mailing address

and phone number.  Failure to provide this information could also result in the

dismissal of this lawsuit.

6) The Clerk is to provide Plaintiff with a blank complaint form to assist him and

reset the internal merit review deadline within 30 days.

ENTERED this 29th day of April, 2021.


s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE